IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM E. FAULKENDER,

    Plaintiff,   CIV. NO. S-12-0022 MCE GGH PS

    vs.

NUVIEW FINANCIAL SERVICES, et al.,

<u>ORDER TO SHOW CAUSE</u>

    Defendants.

_____ /

    This action was referred to the undersigned pursuant to Local Rule 302(c)(21). On March 5, 2012, this court filed findings and recommendations, recommending dismissal for plaintiff's failure to oppose defendants' motions to dismiss. Following the issuance of the findings and recommendations, defendant NuView Financial Services filed a notice of plaintiff's filing of bankruptcy. The bankruptcy action was dismissed on March 16, 2012. (Dkt. no. 30, Ex. A.) The undersigned was not aware of that bankruptcy action at the time the findings and recommendations were issued. In any event, on April 13, 2012, defendant NuView Financial Services filed a second notice of another bankruptcy filing by plaintiff. Court records indicate that plaintiff indeed has a bankruptcy petition pending in the Bankruptcy Court in this district.

\\\\\

See In re Faulkender, No. 12-25512 (Bankr. E.D. Cal. 2011).[1] (Dkt. no. 33, Ex. A.) In light of plaintiff's bankruptcy filing, the findings and recommendations will be vacated, and plaintiff will be ordered to show cause why his action should not be dismissed.

Pending causes of action are among the "legal or equitable interests" that become the property of a bankruptcy estate upon filing a bankruptcy petition. See 11 U.S.C. § 541(a)(1) (the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case"); see also Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir.1986) (even personal injury claims are part of the bankruptcy estate whether or not transferable or assignable under state law).

In light of plaintiff's bankruptcy filing, plaintiff has no standing to prosecute the instant action. See Manlangit v. Nat'l City Mortg., 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (upon declaration of bankruptcy, all of petitioner's property becomes the property of the bankruptcy estate, including causes of action, and absent abandonment by trustee, bankruptcy petitioner loses standing for any causes of action).

Accordingly, IT IS ORDERED that:

1. The findings and recommendations filed March 5, 2012, are vacated.

2. Plaintiff shall show cause within fourteen (14) days of this order why this action should not be dismissed in light of his pending bankruptcy proceeding.

DATED: April 17, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Faulkender0022.osc.wpd

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).